FILED

2012 OCT 19 PM 1:43

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHEILA ROYCE, as Surviving Spouse and Personal Representative of the Estate of ROBERT ROYCE, deceased,**

**Case No.:** 6:12 CV 1583-ORL-37KRS

Plaintiff,

vs.

**UNITED STATES OF AMERICA,**

Defendant.
______________________________/

**COMPLAINT**

The Plaintiff, SHEILA ROYCE, as Surviving Spouse and Personal Representative of the Estate of ROBERT ROYCE, deceased, sues the Defendants, UNITED STATES OF AMERICA (hereinafter "U.S.A."), and alleges:

1. This is an action for damages in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Plaintiff, SHEILA ROYCE, is the Surviving Spouse and duly appointed Personal Representative of the Estate of ROBERT ROYCE, deceased. Letters of Appointment are attached hereto as Exhibit "A".

3. This Court has jurisdiction under the Federal Tort Claims Act and the provisions of 28 U.S.C. §1346(b).

4. Pursuant to 28 U.S.C. § 1346(b), the United States, if a private person, would be liable to the Plaintiff for any breach of duty consistent with the laws of Florida, and in particular, §766.102, *Florida Statutes,* which determines the standards for medical negligence in the state.

5. Pursuant to the provisions of 28 U.S.C. §2675, on or about January 25, 2011, the Plaintiff provided written notice to the Defendant, U.S.A., of her claims for money damages. The Standard Form 95 form for the Plaintiff is attached hereto and incorporated by reference herein respectively as Exhibit "B".

6. On May 1, 2012, the Defendant denied Plaintiff's claim as not amenable to administrative resolution.

7. Accordingly, under 28 U.S.C. §2675(a), all conditions precedent to filing suit have been either waived or performed.

8. At all times material hereto, Harold Greenberg, M.D. was a medical doctor specializing in cardiology, duly licensed to practice medicine and with whom Plaintiff's Decedent had established a doctor/patient relationship.

9. At all times material hereto, Harold Greenberg, M.D. was acting in the course and scope of his employment as a cardiologist with the VA Clinic, Department of Veterans Affairs in Orlando, Florida.

10. At all times material hereto, William T. Sheahan, M.D. was a medical doctor engaged in the practice of primary care medicine, duly licensed to practice medicine and with whom Plaintiff's Decedent had established a doctor/patient relationship.

11. At all times material hereto, William T. Sheahan, M.D. was acting in the course and scope of his employment as a primary care physician with the VA Clinic, Department of Veterans Affairs in Orlando, Florida.

12. Decedent, ROBERT ROYCE, was scheduled to undergo elective orthopedic knee surgery under general anesthesia, on June 25, 2009.

13. As a result of having an extensive history of heart disease, Decedent, ROBERT ROYCE's civilian surgeon requested he obtain the appropriate medical and cardiological clearance from his treating physicians at the VA Clinic in Orlando, Florida, prior to undergoing elective orthopedic knee surgery under general anesthesia.

14. On June 18, 2009, Decedent, ROBERT ROYCE, saw Harold Greenberg, M.D. to obtain cardiology clearance for his upcoming elective orthopedic knee surgery under general anesthesia.

15. On June 18, 2009, Dr. Greenberg did not conduct a treadmill stress test or any other screening tests on Decedent, ROBERT ROYCE but deemed him fit for surgery.

16. On June 18, 2009, Dr. William Sheahan medically cleared Decedent to undergo surgery.

17. On June 25, 2009, Decedent, underwent an arthroscopic knee surgery under general anesthesia.

18. At 5:05 p.m. on June 25, 2009, Decedent, ROBERT ROYCE, was discharged from the outpatient surgery center at which he underwent the aforementioned arthroscopic knee surgery.

19. On June 25, 2009, while being transported home by his wife, Plaintiff herein, ROBERT ROYCE suffered a myocardial infarction (heart attack).

20. At 6:00 p.m., on June 25, 2009, Decedent, ROBERT ROYCE, was transported by ambulance to Florida Hospital Emergency Room in Altamonte Springs, Florida and was treated emergently for acute myocardial infarction.

21. At 7:28 p.m. on June 25, 2009, Decedent, ROBERT ROYCE, was pronounced dead.

22. The physician employees of the Defendant, United States of America, and Plaintiff's Decedent, ROBERT ROYCE, enjoyed a doctor patient relationship such that the Defendant's physicians owed ROBERT ROYCE a duty to provide primary and cardiological services, care and treatment which met or exceeded the prevailing professional standard of care as defined by §766.102(a), Fla. Stat.

23. Defendant's physician employees breached that standard of care to ROBERT ROYCE in one or more of the following respects:

a. Failed to properly evaluate a patient preoperatively with an extensive history of prior cardiac disease;

b. Failed to order and conduct a complete preoperative cardiac evaluation despite the decedent's extensive cardiac history;

c. Failed to obtain complete diagnostic testing which would have revealed significant coronary disease; and

d. Improperly gave medical clearance for surgery in spite of patient's extensive cardiac history.

24. As a direct and proximate result of the negligence of the Defendant's physician employees, as alleged above, the Plaintiff's decedent, ROBERT ROYCE, underwent a surgical procedure for which he was improperly cleared and as a result suffered a massive cardiac event resulting in his death on June 25, 2009.

25. As a direct and proximate result of the aforesaid negligence of the Defendant by and through its physician employees, ROBERT ROYCE died on June 25, 2009, thereby causing the Plaintiff to suffer the following damages:

a. The Estate of ROBERT ROYCE, deceased – burial and funeral expenses, loss of net accumulations, medical expenses;

b. SHEILA ROYCE, surviving spouse – mental pain and suffering, anguish, the loss of spousal society, companionship, protection and the loss of decedent's support services, including loss of income, all both past and future, as defined by §768.21, Fla. Stat.

WHEREFORE, the Plaintiff, SHEILA ROYCE, surviving spouse and Personal Representative of the Estate of ROBERT ROYCE, deceased, prays for judgment against the Defendant, UNITED STATES OF AMERICA, damages in an amount in excess of $75,000.00 together with costs and such other relief as this court deems just.

**VANESSA L. BRICE, Esq.**
Florida Bar No.: 0076434
**RONALD S. GILBERT, Esq.**
Florida Bar No.: 0375421
**COLLING GILBERT WRIGHT & CARTER**
The Florida Firm
801 N. Orange Avenue
Suite 830
Orlando, FL 32801
Telephone: (407) 712-7300
Telefax: (407) 712-7301
Attorneys for Plaintiff
vbrice@thefloridafirm.com
rgilbert@thefloridafirm.com

IN THE CIRCUIT COURT FOR BREVARD COUNTY, FLORIDA PROBATE DIVISION

IN RE: ESTATE OF

ROBERT DEAN ROYCE

File No. 05-2012-CP-47665-Xxxx-xx

Division ____

Deceased.

COPY

## LETTERS OF ADMINISTRATION
### (single personal representative)

TO ALL WHOM IT MAY CONCERN

WHEREAS, Robert Dean Royce, a resident of Brevard County, Florida, died on June 25, 2009, owning assets in the State of Florida, and

WHEREAS, Sheila G. Royce has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare Sheila G. Royce duly qualified under the laws of the State of Florida to act as personal representative of the estate of Robert Dean Royce, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

ORIGINAL SIGNED ON

ORDERED on ______________________, 2012.

JUL 27 20[illegible]

BY JOHN M. HARRIS
CIRCUIT JUDGE

Circuit Judge

[illegible] 2012

Plaintiff Exhibit A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)* |
|---|---|
| Department of Veterans Affairs<br>810 Vermont Avenue, NW<br>Washington, DC 20420 | Vanessa L. Brice, Esq. Counsel for Sheila Royce as Surviving Spouse and Personal Representative of the Estate of Robert Royce<br>801 N. Orange Avenue, Suite 830, Orlando, Florida 32801 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 3/21/1948 | MARRIED | 6/25/2009 | 3:00 PM |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

Robert Royce was scheduled to have elective orthopedic surgery on June 25, 2009. His surgeon requested cardiac clearance from his VA physicians at the Orlando VA Clinic who were overseeing and coordinating Mr. Royce's primary care and cardiac care. Mr. Royce had a history of coronary artery disease including 9 stents, angioplasty, prior heart attacks and sleep apnea. Dr. Harold Greenberg, Mr. Royce's cardiologist at the VA, did not perform an EKG, stress test or any other appropriate cardiac tests to determine whether or not it was safe for Mr. Royce to be under general anesthetic. Dr. Greenberg faxed cardiac clearance to Mr. Royce's orthopedic surgeon who proceeded with the surgery. Mr Royce underwent surgery on June 25, 2009. After he was released from the surgery center, Mr. Royce suffered a cardiac event and died at approximately 7:28 p.m. that night.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

None

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Robert Royce suffered cardiac arrest and death following surgery for which he was inappropriately cleared by his VA cardiologist, Dr. Harold Greenberg.

11. WITNESSES

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| Sheila Royce, surviving spouse | 5770 Cinnamon Fern Boulevard, Cocoa, FL 32927 |
| Joshua Furman, M.D. expert witness | 1440-79th Street Causeway # 323-A, Miami Beach, FL 33141 |
| James P. Ryan, IV, M.D. orthopedic surgeon | 659 Douglas Avenue, Altamonte Springs, FL 32714 |
| Sreenivasan Asokan, M.D. anesthesiologist | 4901 S. Vineland Road, Orlando, FL 32811 |

12. *(See instructions on reverse)* AMOUNT OF CLAIM *(In dollars)*

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
|---|---|---|---|
| 0.00 | 0.00 | 10,000,000.00 | 10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| | 407-712-7300 | 1/25/2011 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |



Plaintiff Exhibit B